# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DAVID ADAM BAKER,<br>Plaintiff, | Case No. 1:19-cv-060<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| JEFFREY CARNINE, et al.,<br>Defendants. | **ORDER AND REPORT AND**<br>**RECOMMENDATION** |

Proceeding pro se, plaintiff brings this action against defendants under 42 U.S.C. §1983 alleging violations of his constitutional rights.

As background, plaintiff was granted leave to proceed in forma pauperis and filed his original complaint on February 15, 2019. (Docs. 2, 3). On March 22, 2019, defendants Broo, McIlwain, and Stachowiak filed a motion to dismiss under Fed. R. Civ. P. 12(6)(6). (Doc. 6). On March 26, 2019, defendant Carnine filed an answer. (Doc. 8). Thereafter, on April 15, 2019, plaintiff filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), which allows a party to amend its pleading once as a matter of course "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15 (a)(1)(B). At that time, plaintiff's first amended complaint superseded the original complaint and became the legally operative complaint. *Scuba v. Wilkinson*, No. 1:06-cv-160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

Plaintiff now moves to file a second amended complaint, which appears to be similar to the first amended complaint. (Doc. 18). Plaintiff represents that he seeks to amend his complaint to "add additional facts in connection to the roles of each defendant in the complaint which is necessary to separate actions of each defendant and show how the claims are related to the defendants." (Doc. 22 at 1). The granting or denial of a motion to amend pursuant to Fed. R.

Civ. P. 15(a)(2) is within the discretion of the trial court. Leave to amend should be liberally granted. *Foman v. Davis*, 371 U.S. 178 (1962). Therefore, for good cause shown, plaintiff's motion to file a second amended complaint (Doc. 18) is **GRANTED**. Plaintiff's second amended complaint is now the legally operative complaint in this matter.

In light of the granting of plaintiff's motion to file a second amended complaint, defendants Broo, McIlwain, and Stachowiak's motion to dismiss (Doc. 6), which is directed at the original complaint, should be **DENIED** as **MOOT**. To the extent that defendant Carnine's motion for judgment on the pleadings (Doc. 24) is directed towards the original or first amended complaint, it should be **DENIED** as **MOOT**. The parties are **GRANTED** permission to file further briefings directed at the second amended complaint within **thirty (30) days** of the filing date of this Order and Report and Recommendation.

Accordingly, it is **RECOMMENDED** that:

1. Defendants' Broo, McIlwain, and Stachowiak's motion to dismiss (Doc. 6) be **DENIED** as **MOOT.**
2. Defendant Carnine's motion for judgment on the pleadings (Doc. 24) be **DENIED** as **MOOT** to the extent it is directed towards the original or first amended complaint.

It is **ORDERED** that:

1. Plaintiff's motion to file a second amended complaint (Doc. 18) is **GRANTED**.
2. Plaintiff's motion for leave of Court to add support to his amended complaint (Doc. 22) is **GRANTED**.
3. The Court stay ruling on defendant Carnine's motion to stay discovery (Doc. 27) until defendants respond to the second amended complaint. No further discovery is permitted pending further order of the Court. Plaintiff's "request for production of documents,"

which the Court construes as a motion to compel, is **DENIED** subject to refiling once further discovery is permitted by the Court.

Date: 1/17/20

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DAVID ADAM BAKER,
    Plaintiff,

vs.

JEFFREY CARNINE, et al.,
    Defendants.

Case No: 1:19-cv-60
McFarland, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).