UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID ADAM BAKER,  Case No. 1:19-cv-060
   Plaintiff,  McFarland, J.
     Litkovitz, M.J.
  vs.
JEFFREY CARNINE, et al.,  **REPORT AND**
   Defendants.  **RECOMMENDATION**

Proceeding pro se, plaintiff initiated this action in January 2019 against defendants Jeffrey Carnine, Jacqueline Stachowiak, Matt Broo, and David McIlwain under 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] On January 17, 2020, the Court granted plaintiff's motion to file a second amended complaint and ordered all defendants to file responsive pleadings directed at the second amended complaint within thirty days. (Doc. 31). On February 13, 2020, defendants Broo, McIlwain, and Stachowiak filed a motion to dismiss plaintiff's second amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 35). After this motion was filed, the Court sent plaintiff notice that a failure to respond could result in dismissal of his action for lack of prosecution. (Doc. 36). Thereafter, the Court granted plaintiff two extensions of time to file a response to the motion to dismiss. (Docs. 40, 43). Despite this notice and the extensions of time, plaintiff did not file a response to the motion to dismiss.

On May 21, 2020, the Court ordered plaintiff to show cause within fifteen (15) days why the Court should not dismiss plaintiff's claims against defendants Broo, McIlwain, and Stachowiak for lack of prosecution. (Doc. 45). Thereafter, on June 9, 2020, the Court granted plaintiff's motion for an extension of time of 30 days until July 10, 2020 to file a response to the

---

[1] Plaintiff also named "John Doe Officers" and "Dart Agency Policy Makers" as defendants in this action, but they have not been identified or properly served.

Court's Show Cause Order. (Doc. 47). To date, plaintiff has not filed a response to the Show Cause Order or to the pending motion to dismiss.[2]

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of his claims against defendants Broo, McIlwain, and Stachowiak under Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at 109. Although plaintiff is proceeding pro se, the Supreme Court has stated that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's claims against defendants Broo, McIlwain, and Stachowiak be dismissed for want of prosecution and for failure to obey an Order of the Court.[3]

Date:  7/28/2020

Karen L. Litkovitz
United States Magistrate Judge

---

[2] On June 9, 2020, plaintiff represented to the Court that he remains housed at the Talbert House, which is limited in resources, including access to computers. Plaintiff states that resources are even more restricted at the Talbert House due to the ongoing COVID-19 pandemic. (Doc. 46). The Court is sympathetic to the challenges that many litigants have faced as a result of the COVID-19 pandemic. However, defendants Broo, McIlwain, and Stachowiak's motion to dismiss was filed in February 2020, and the pandemic has not inhibited plaintiff's ability to file other motions, including several requests for extensions of time and a motion for discovery. Plaintiff's failure to file a response to the pending motion to dismiss is therefore inexcusable. Moreover, this action has been pending for over a year and a half and any further delay will cause undue prejudice to these defendants.

[3] Plaintiff's claims against defendants Carnine, "John Doe Officers," and "Dart Agency Policy Makers" remain pending. The Court again notes that the latter two defendants have neither been identified or served with process.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID ADAM BAKER,
    Plaintiff,

vs.

JEFFREY CARNINE, et al.,
    Defendants.

Case No. 1:19-cv-060
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).