UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID ADAM BAKER,  
    Plaintiff,

vs.

JEFFREY CARNINE, et al.,  
    Defendants.

Case No. 1:19-cv-060  
McFarland, J.  
Litkovitz, M.J.

ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff David Baker's motion for leave to amend the complaint (Doc. 64), motion to supplement the amended complaint (Doc. 65), and motion to compel discovery (Doc. 66), and defendant Jeffrey Carnine's responses (Docs. 67, 68).

**I. Factual Background**

Plaintiff, proceeding pro se, filed this lawsuit on January 24, 2019. (Doc. 1). The original complaint named as defendants Jeffrey Carnine, Jacqueline Stachowiak, Matt Broo, David McLlwain, "DART[1] Agency Policy Makers," and John Doe Officers ("Carnine's Fellow Officers and Supervisors"). (Doc. 3). Plaintiff's claims arise out of his allegedly wrongful arrest, detention, and prosecution which occurred between August 15, 2016 and January 25, 2018. Plaintiff brings his claims under 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights.

Plaintiff amended the complaint on April 15, 2019. (Doc. 10; *see* Doc. 31). He sought leave to file a second amended complaint on June 7, 2019 (Doc. 18) and to add supporting allegations to the amended complaint on December 6, 2019 (Doc. 22). The Court granted plaintiff's motions on January 17, 2020. (Doc. 31). The Court subsequently granted defendants Broo, McLlwain, and Stachowiak's motion to dismiss the second amended complaint (Docs. 48,

---

[1] "DART" is the Hamilton County Drug Abuse Reduction Taskforce.

51) and entered a calendar order with a discovery deadline of March 30, 2021 and a dispositive motion deadline of April 30, 2021. (Doc. 53). On October 28, 2020, defendant Carnine moved for summary judgment. (Doc. 55). After the motion was fully briefed, plaintiff filed the present motions for leave to amend the complaint and supplement the complaint as amended (Docs. 64, 65) and to compel discovery (Doc. 66) in March 2021.

## II. Motions to amend/supplement the complaint (Docs. 64, 65)

Plaintiff seeks to amend the complaint a third time by adding the names of the John Doe officers and supervisors, which plaintiff alleges he discovered on January 19, 2021.[2] (Doc. 64 at PAGEID 392). Plaintiff also seeks to add information about defendant Carnine and a "civilian witness" to the complaint. (Doc. 64 at PAGEID 392). Finally, plaintiff requests leave to remove from the complaint those defendants who have been dismissed from the lawsuit.[3] (*Id*.). Plaintiff has attached a proposed third amended complaint to his motion for leave to amend. (Doc. 64-1). Plaintiff has also filed a motion for leave to supplement the proposed third amended complaint to include "some facts" that he allegedly omitted from the proposed amendment. (Doc. 65).

Defendant Carnine opposes plaintiff's motions for leave to amend the complaint and to supplement the proposed amendment. (Doc. 67). Defendant alleges the proposed amended complaint does not comply with the Federal Rules of Civil Procedure; the proposed amendment is futile; and plaintiff's motion is untimely.

### a. Plaintiff's motion to add "new" factual allegations under Rule 15(a)

Defendant Carnine argues that plaintiff did not obtain either his written consent or leave

---

[2] Plaintiff identifies the John Doe defendants as Sergeant Davis Lewis, Lieutenant David Shaffer, Chief Robert Browder, Chief Phil Cannon, and Captain Rick Jones.

[3] This request is moot because these defendants have been dismissed from the case and terminated on the docket. (Docs. 48, 51).

2

of court to file an amended complaint as required under Fed. R. Civ. P. 15(a), which provides in relevant part:

> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> . . . .

(Doc. 67 at PAGEID 434, quoting Fed. R. Civ. P. 15(a)).

Contrary to defendant's argument, plaintiff has complied with Rule 15(a)(2) by seeking leave of court to amend his complaint a third time and to supplement the proposed third amended complaint, which has not yet been filed on the docket. (Docs. 64, 65). The question therefore is whether plaintiff is entitled to amend and supplement the complaint a third time based on the relevant factors that are considered under Rule 15(a)(2).[4]

The granting or denial of a motion to amend under Rule 15(a)(2) is within the discretion of the trial court, and leave to amend should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and

---

[4] Defendant argues that while motions to amend the pleadings are generally governed by Rule 15(a), plaintiff here must first show "good cause for failing to seek leave [to amend] earlier," and the Court must determine the potential prejudice to defendant, under Fed. R. Civ. P. 16(b) before Rule 15(a) is applied because plaintiff's motions are not timely. (Doc. 67 at PAGEID 437-438). Rule 16(b) governs scheduling orders and provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Though the Court issued a scheduling order in this case (Doc. 53), defendant acknowledges that the scheduling order does not include a deadline to amend the pleadings. (Doc. 67 at PAGEID 438). Therefore, plaintiff's motion to amend is properly analyzed under Rule 15(a). *Cf. Cooke v. AT&T Corp.*, No. 2:05-cv-374, 2007 WL 188568, at *1 (S.D. Ohio Jan. 22, 2007) (a motion for leave to amend must first be analyzed under Rule 16(b) when a scheduling order sets a deadline for motions to amend the pleadings).

futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). "[A]t least some significant showing of prejudice" is required to deny a motion to amend based solely upon delay. *Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir. 2020) (quoting *Siegner v. Twp. of Salem*, 654 F. App'x 223, 228 (6th Cir. 2016)). "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id.* (quoting *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 641 (6th Cir. 2018)). "Allowing an amendment after discovery is closed and summary judgment motions are fully briefed imposes significant prejudice on defendants." *Id.* (quoting *Siegner*, 654 F. App'x at 228) (quotation omitted) (finding prejudice to the defendant when the amendment was filed one month after the motion cut-off date).

Plaintiff's motions for leave to file a third amended complaint and supplement the proposed amendment should be denied. Plaintiff did not timely file the motions. Plaintiff filed this lawsuit in January 2019, and he filed a first amended complaint shortly thereafter on April 15, 2019. (Doc. 10; *see* Doc. 31 at PAGEID 209). Plaintiff sought leave to file a second amended complaint on June 7, 2019 (Doc. 18) and filed a motion to add support to the proposed second amended complaint on December 6, 2019 (Doc. 22), which the Court granted in January 2020. (Doc. 31). Plaintiff then waited until March 8 and 11, 2021, before seeking leave to amend and supplement his complaint a third time. (Docs. 64, 65). This was more than one year after his prior motions to amend were granted and after defendant Carnine's motion for summary judgment was fully briefed. (Docs. 55, 60, 63). Thus, plaintiff unduly delayed seeking to amend/supplement his complaint a third time.

Plaintiff has not provided a valid justification for the delay. In addition to identifying the John Doe defendants, which is addressed *infra*, plaintiff seeks to amend/supplement the second

4

amended complaint to (1) add information to ¶¶ 1-3 of the second amended complaint about defendant Carnine and a civilian witness allegedly involved in the state court prosecution against plaintiff, which plaintiff purportedly "received through discovery"; and (2) add factual allegations to ¶¶ 9 and 14 of the second amended complaint about his state prosecution and trial proceedings, which plaintiff states he omitted from the proposed third amended complaint. (Doc. 64, 65). However, it appears that the information plaintiff seeks to add is not new and has been known to plaintiff since he filed this lawsuit or shortly thereafter. Plaintiff's allegations are the same or similar to allegations he made in his original complaint (Doc. 3), his amended complaint (Doc. 10), and his second amended complaint (Doc. 18). To the extent plaintiff omitted any allegations from his prior complaints, plaintiff does not explain why he waited until after he had twice amended his complaint and defendant Carnine had filed his motion for summary judgment to add new allegations in support of his claims.

Allowing plaintiff to amend his complaint a third time at this stage of the lawsuit would substantially prejudice defendant Carnine. Discovery has concluded, the dispositive motion deadline has passed, and defendant Carnine's motion for summary judgment is fully briefed. (Docs. 55, 60, 63). If plaintiff were permitted to amend the complaint yet again, Carnine would be required to expend additional resources to respond to the complaint as amended and the resolution of the lawsuit would be delayed. *See C.T. v. Red Roof Inns, Inc.*, No. 2:19-cv-5384, 2020 WL 6084071, at *1 (S.D. Ohio Aug. 6, 2020) (quoting *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994)). Plaintiff's delay in seeking to amend his complaint a third time, and the prejudice to defendant Carnine that would result, warrant denying plaintiff's motions to amend/supplement his second amended complaint to add new factual allegations. *See Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *3 (S.D.

5

Ohio June 8, 2007) ("delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.").

### b. *Motion to amend to name the John Doe defendants*

Plaintiff's request for leave to amend the complaint to name the John Doe defendants should be denied because the proposed amendment would be futile. Section 1983 actions in Ohio are governed by a two-year statute of limitations. *Browning v. Pendleton*, 869 F.2d 989, 991–992 (6th Cir. 1989). The limitations period ordinarily "begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997) (quoting *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984)).

The events giving rise to plaintiff's § 1983 claims against the proposed defendants allegedly occurred between August 15, 2016 and January 25, 2018. (Doc. 18). To be timely, plaintiff must have brought his § 1983 claims against these defendants within two years of the date he knew of the injuries alleged in the original complaint. Plaintiff filed this lawsuit in January 2019, but he did not attempt to name the previously unknown John Doe defendants until he filed the present motion to amend on March 8, 2021. (Doc. 64). This was more than two years after any of the incidents allegedly giving rise to the lawsuit occurred. Plaintiff does not allege any facts that suggest he did not know of his injuries at the time of the incidents that allegedly caused those injuries, all of which occurred prior to January 25, 2018. Thus, plaintiff's claims against the defendants he seeks to add to the lawsuit are time-barred.

The inclusion of John Doe defendants in the original and prior amended complaints did not stop the statute of limitations from running as to the previously unknown defendants. Plaintiff cannot "circumvent" the statute of limitations by naming "John Doe" defendants in his

pleadings. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citation omitted). "[R]eplacing a 'John Doe' with a named party in effect constitutes a change in the party sued," and "[s]uch an amendment may only be accomplished when all of the specifications of Fed. R. Civ. P. 15(c)"[5] governing relation back of an amendment are met. *Id*. (citation omitted).

Three requirements must be satisfied before an amendment that names a previously unknown John Doe defendant can relate back: (1) "the claim against the party must arise 'out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading[,]' Fed. R. Civ. P. 15(c)(1)(B), (C)"; (2) "the party must have received notice of the action within 90 days of the filing of the original Complaint[,] Fed. R. Civ. P. 15(c)(1)(C)(i) ('within the period provided by Rule 4(m) for serving the summons and complaint')"; and (3) "the party 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity[,]' Fed. R. Civ. P. 15(c)(1)(C)(ii)." *Solis v. Capital Grille Holdings, Inc.*, No. 1:17-cv-00798, 2020 WL 7698167, at *3 (S.D. Ohio Dec. 28, 2020) (footnote omitted). The notice required for relation back purposes is notice that plaintiff has instituted the action. *See DeBois v. Pickoff*, No. 3:09-cv-230, 2011 WL 1233665, at *10 (S.D. Ohio Mar. 28, 2011) (citation omitted). "[N]otice cannot be imputed to similarly ranked officials when only an individual officer, and no overarching organization, is sued in the original

---

[5] An amendment to a pleading relates back to the date of the original pleading when:

    (A) the law that provides the applicable statute of limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
    (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
        (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

complaint." *Id*. at *10 (citing *Cox*, 75 F.3d at 240).

The requirements of Rule 15(c) are not satisfied insofar as plaintiff seeks to amend the complaint by identifying the John Doe defendants. Plaintiff's proposed amendment, which adds new parties by naming the John Doe defendants, "creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Duffey v. Rust-Oleum Corp.*, No. 2:19-cv-775, 2020 WL 4933894, at *3 (S.D. Ohio Aug. 24, 2020) (quoting *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (quoting in turn *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991))). "Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new *party*." *Asher*, 596 F.3d 318. Neither Fed. R. Civ. P. 15(c)(1)(C)(i) nor (ii) is satisfied in this situation. Plaintiff does not allege that the newly named defendants received timely actual or constructive notice of the lawsuit so as to satisfy Fed. R. Civ. P. 15(c)(1)(C)(i). Further, plaintiff's lack of knowledge as to the "John Doe" defendants' identities is not a "mistake" within the meaning of Fed. R. Civ. P. 15(c)(1)(C)(ii), and replacing the John Doe defendants with the named defendants is considered a "change in parties" that does not satisfy Rule 15(c)(1)(C)(ii). *Shaw v. Total Image Specialists, Inc.*, No. 2:07-cv-717, 2010 WL 1390470, at *7 (S.D. Ohio Apr. 1, 2010) (quoting *Moore v. Tennessee*, 267 F. App'x 450, 455-56 (6th Cir. March 3, 2008)).

Thus, plaintiff should be denied leave to amend the complaint to replace the previously unknown John Doe defendants with named defendants. Plaintiff's claims against the proposed defendants were filed more than two years after plaintiff's injuries alleged in the original complaint, and plaintiff's proposed amendment adding the newly named defendants does not relate back under Rule 15(c). The proposed amendment is therefore futile. *See Cedar Lane*

*Farms, Corp. v. Besancon*, No. 5:16-cv-1390, 2017 WL 6558582, at *5 n.6 (N.D. Ohio Dec. 21, 2017) (citations omitted) ("an amendment is futile 'where [the] proposed amendment would not survive a motion to dismiss.'").

### III. Plaintiff's motion to compel

Plaintiff moves to compel defendant Carnine to respond to his requests for documents and to answer interrogatories that plaintiff propounded in October and November 2020. (Doc. 66). Plaintiff claims that in responding to his discovery requests on January 13, 2021, defendant Carnine "was very evasive" and made "boilerplate objection[s] without explanation." (*Id*. at PAGEID 417). Plaintiff also alleges that although Carnine purportedly has not worked for DART since December 2016, he participated in the criminal proceedings against plaintiff and has access to the information plaintiff has requested. (*Id*.). Defendant Carnine argues in response that plaintiff's motion should be denied because plaintiff has not certified that he conferred or attempted in good faith to confer with defendant to obtain the requested discovery before filing his motion to compel. (Doc. 68, citing Fed. R. Civ. P. 37 and S.D. Ohio Civ. R. 37.1). Defendant also alleges that he properly responded to plaintiff's requests for production of documents and interrogatories. (*Id*.).

Prior to filing a motion to compel discovery under Fed. R. Civ. P. 37, the parties must first "meet and confer to resolve differences as to discovery disputes." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc*., No. 2:07-cv-116, 2010 WL 1445171, at *2 (S.D. Ohio Apr. 12, 2010). A party moving to compel discovery under Rule 37 must certify that that he "has in good faith conferred or attempted to confer'" with the opposing side in an effort to obtain the discovery "without court action." *Furay v. Lvnv Funding, LLC*, No. 2:12-cv-1048, 2013 WL 12123867, at *1 (S.D. Ohio Aug. 5, 2013) (quoting Fed. R. Civ. P. 37(a)(1)). "[D]iscovery-

9

related motions shall not be filed unless all extrajudicial means to resolve the differences have been exhausted." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-cv-767, 2014 WL 6687146, at *4 (S.D. Ohio Nov. 26, 2014) (citing S.D. Ohio Civ. R. 37.1) ("[Requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences."). Further, if those efforts are unsuccessful, the undersigned requires that the parties schedule an informal discovery conference with the Court. *See* M.J. Karen L. Litkovitz Standing Order on Civil Procedures, § I.D, located at www.ohsd.uscourts.gov/FPLitkovitz. Only if the dispute remains unresolved after the informal discovery conference may a party file a motion to compel under Fed. R. Civ. P. 37(a). *Id.*, § I.D.2.

Plaintiff has not included the required certification with his motion. Nor does it appear that plaintiff has exhausted efforts to resolve his discovery dispute with defendant without the Court's intervention. After defendant Carnine responded to plaintiff's discovery requests, plaintiff sent an email to defendant's counsel stating that he thought Carnine's answers to his discovery requests were evasive and he would like to meet and confer with defendant to resolve the outstanding discovery issues. (Doc. 68-1, Aff. of Jonathan T. Deters, Exh. 4, PAGEID 462). Defendant responded to plaintiff through counsel and stated that defendant's responses to plaintiff's discovery responses were sufficient, defendant could not produce documents that he did not have, and defendant was under no obligation to produce documents that were not in his possession. (Doc. 68-1 at PAGEID 461). There is no indication that the parties conferred by email or telephone after that, and plaintiff did not request an informal telephone conference with the Court. Thus, plaintiff failed to satisfy his obligations under the federal and local rules to exhaust his extra-judicial efforts to resolve any outstanding discovery issues, and his obligation

to request an informal discovery conference in compliance with the undersigned's Standing Order, before filing a motion to compel with the Court.

**IT IS THEREFORE ORDERED THAT** plaintiff's motion to compel (Doc. 66) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion for leave to amend the complaint (Doc. 64) and motion to supplement the complaint as amended (Doc. 65) be **DENIED**.

Date: 6/15/2021

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DAVID ADAM BAKER,<br>    Plaintiff, | Case No. 1:19-cv-060<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| JEFFREY CARNINE, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).